IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNA ELMIRA HILLMAN-KILLIAN,    )
    )
       Plaintiff,    )
    )
        v.    )    Civil No. 09-581-JE
    )
    )    OPINION AND ORDER
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,    )
    )
       Defendant.    )
_____)

Richard A. Sly
1001 S.W. 5th Avenue, Suite 310
Portland, OR 97204

Linda Ziskin
P.O. Box 2237
Lake Oswego, OR 97035

     Attorneys for Plaintiff

Dwight C. Holton
U.S. Attorney
Adrian L. Brown
Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

Lisa Goldoftas
Special Asst. U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

       Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Anna Hillman-Killian brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for Social Security Disability Insurance Benefits. Plaintiff seeks an Order remanding this action to the Social Security Administration (the Agency) for an award of benefits.

For the reasons set out below, the decision of the Commissioner is affirmed.

## **Procedural Background**

Plaintiff filed an application for disability benefits on November 25, 2005, alleging that she had been disabled since May 1, 2000. After her application was denied initially and upon reconsideration, plaintiff timely requested a hearing before an Administrative Law Judge (ALJ).

On June 16, 2008, a hearing was held before ALJ Riley Atkins. Plaintiff and her husband testified at the hearing. A Vocational Expert (VE) attended the hearing but did not testify.

On July 8, 2008, the ALJ issued a decision denying plaintiff's application for Disability Insurance Benefits. That decision became the final decision of the Commissioner on March 23, 2009, when the Appeals Council denied her request for review. In the present action, plaintiff seeks review of that decision.

**Factual Background**

Plaintiff was born in 1953, and was 50 years old on December 31, 2003, when her insured status expired.  She alleges that she has been disabled since May 1, 2000, because of combined impairments, including most notably obesity, orthopedic impairments, and respiratory problems.  Plaintiff has past relevant work experience as a bus driver.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920.  Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One.  The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA).  A claimant engaged in such activity is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 404.1520(b).

Step Two.  The Commissioner determines whether the claimant has one or more severe impairments.  A claimant who does not have such an impairment is not disabled.  If the claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three.  20 C.F.R. § 404.1520(c).

Step Three.  Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant who has such an impairment is disabled.  If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four.  20 C.F.R. § 404.1520(d).

Step Four.  The Commissioner determines whether the  claimant is able to perform work he or she has done in the past.  A claimant who can perform past relevant work is not

disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the

Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R.

§ 404.1520(e).

      Step Five.  The Commissioner determines whether the claimant is able to do any

other work.  A claimant who cannot perform other work is disabled.  If the Commissioner

finds that the claimant is able to do other work, the Commissioner must show that a

significant number of jobs exist in the national economy that the claimant can do.  The

Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or

by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix

2.  If the Commissioner demonstrates that a significant number of jobs exist in the national

economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not

meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(f)(1).

      At Steps One through Four, the burden of proof is on the claimant.  Tackett, 180 F.3d

at 1098.  At Step Five, the burden shifts to the Commissioner to show that the claimant can

perform jobs that exist in significant numbers in the national economy.  Id.


**Medical Record**

      The medical record establishes that plaintiff has or has had numerous medical

problems.  These include surgery to treat an ovarian tumor in June, 2000, lumbar strain,

arthralgia, bronchitis, dyspnea, edema, dermatitis, obesity, and carpal tunnel syndrome.

The medical record also indicates that, after her date last insured, plaintiff developed HIV,

depression, and meningioma.  Like the parties, I will address the medical record and

plaintiff's medical problems only as is relevant to the parties' contentions.

**ALJ's Decision**

At the first step of his disability analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity (SGA) between the date of her alleged onset of disability on May 1, 2000, and December 31, 2003, her date last insured.

At the second step, the ALJ found that, through her date last insured, plaintiff's only "severe" impairments were obesity and carpal tunnel syndrome.

At the third step of his analysis, the ALJ found that these impairments did not meet or medically equal any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the Listings); 20 CFR §§ 404.1520(d), 404.1525, 404.1526.

The ALJ next analyzed plaintiff's residual functional capacity (RFC). He concluded that, through her date last insured, plaintiff was able to perform the full range of light exertional level work. In reaching this conclusion, the ALJ found that lay witness evidence, and plaintiff's own statements, were not credible to the extent that they were inconsistent with his residual functional capacity assessment.

Next, at the fourth step, the ALJ found that plaintiff could not perform her past relevant work as a bus driver, because that was medium exertional level work.

At the fifth step, the ALJ applied the Medical-Vocational Guidelines (the Grids), 20 CFR Part 404, Subpart P, Appendix 2. Because he had concluded that, through her date last insured, plaintiff could perform the full range of light work, the ALJ found that plaintiff was "not disabled" under Rule 202.14 before her insured status expired.

**Standard of Review**

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122

(1996).  The Commissioner bears the burden of developing the record.  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

### Discussion

Plaintiff contends that the ALJ's RFC analysis was flawed because it did not include limitations based upon the severe impairments that the ALJ identified.  Plaintiff contends that she cannot perform a full range of light work, and that the application of the Grids was therefore improper, and the testimony of a VE was necessary.  She contends that the ALJ erred in failing to perform an analysis at step 3 of the disability assessment which would allow this court to know the basis of his conclusion.  In addition, plaintiff contends that the ALJ failed to provide legally sufficient reasons for discounting her credibility, and improperly rejected the evidence provided by lay witnesses.

### 1. ALJ's RFC Analysis

Plaintiff contends that the ALJ erred in concluding that she was capable of a full range of light exertional level work.  She notes that the ALJ found that her obesity and carpal tunnel syndrome "resulted in significant work-related functional limitations," and asserts that he erred in then imposing no limitations on the light exertional level work that she could

perform.  Plaintiff acknowledges that the ALJ stated that her obesity and carpal tunnel syndrome "resulted in restrictions to light exertion work," but faults him for failing "to explain the relationship between these impairments and light work."  Observing that obesity "can cause problems with fatigue, loss of mental clarity and slowed reactions, depression, lack of stamina, bending, stooping, crawling, climbing, and the ability to stand and walk, in addition to the ability to lift certain weights," plaintiff argues that any limitation in these areas "would require the testimony of a VE to determine the effect of erosion on the occupational base."  She adds that "the ALJ failed to explain the relationship of carpal tunnel syndrome to the full range of light work," and asks that this action be remanded to the agency "so that vocational expert testimony can be obtained, affording a decision that is based upon substantial evidence."

The Commissioner correctly notes that, because plaintiff applied for disability insurance benefits, the relevant period here is May 1, 2000, the date of alleged onset of disability, to December 31, 2003, the last day on which plaintiff was insured.  The Commissioner also correctly notes both that plaintiff bears the burden of establishing that she was disabled before her date last insured, and that there is a "dearth of evidence" in the extensive medical record concerning that period.

Based upon my careful review of the record, I conclude that the ALJ's opinion concerning plaintiff's RFC was supported by substantial evidence in the record, and was set out with sufficient clarity to allow judicial review.  As the Commissioner notes, plaintiff here has cited no specific evidence that the ALJ should have, but failed to consider, any particular evidence in determining whether plaintiff's obesity or carpal tunnel syndrome met or equaled an impairment in the listings.

The ALJ noted that plaintiff's carpal tunnel syndrome was "mild enough that conservative treatment was appropriate," and, though plaintiff has cited a variety of significant problems that can be caused by obesity, she has not demonstrated how the evidence establishes that her obesity, alone or in combination with other impairments, met or

medically equaled an impairment in the listings.  The ALJ's conclusion that plaintiff's obesity and carpal tunnel syndrome did not prevent her from performing a full range of light work is supported by substantial evidence in the record.  Accordingly, the ALJ did not err in applying the Medical-Vocational Guidelines, and the testimony of a VE was not required.  See 20 C.F.R. pt. 404, subpt. P, app. 2; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (Commissioner may meet burden at step 5 of establishing that claimant could perform other work that exists in "significant numbers" by testimony of VE or by reference to Medical-Vocational Guidelines).  Based upon his conclusion that plaintiff could perform the full range of light exertional work, the ALJ could conclude that plaintiff was not disabled without reference to a VE's testimony.

2. **ALJ's Credibility Determinations**

a. **Analysis of Plaintiff's Credibility**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  If the claimant produces objective medical evidence of an impairment that reasonably could be expected to cause the pain or symptoms alleged and there is no evidence of malingering, an ALJ must provide clear and convincing evidence for rejecting the claimant's testimony concerning the severity of his or her symptoms.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).

An ALJ must consider the entire record and consider several factors, including the claimant's daily activities, medications taken and their effectiveness, treatment other than medication, measures other than treatment used to relieve pain or other symptoms, and "any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms."  SSR 96-7.  An ALJ may support a determination that the claimant was not entirely credible by identifying inconsistencies or contradictions between the claimant's

complaints and his activities of daily living.  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ here began his credibility analysis by stating:

> After considering the evidence of record, I find that the
> claimant's medically determinable impairments could
> reasonably be expected to produce the alleged symptoms;
> however, the statements of the claimant and her husband
> concerning the intensity, persistence and limiting effects of
> these symptoms are not credible to the extent they are
> inconsistent with the residual functional capacity assessment
> for the reasons explained below.

Plaintiff contends that, in finding her less than wholly credible, the ALJ here both ignored "the specificity and high standard required," and took "the analysis an unprecedented step further," subverting the standards through a "backward analysis" in which he first determined plaintiff's RFC, and then discounted her credibility to the extent that her testimony was inconsistent with the RFC.  Plaintiff argues that this was a "cart-before-the-horse" analysis that "does not constitute the necessary clear and convincing basis to reject Plaintiff's statements and testimony."

The Commissioner contends that the ALJ did not deviate from the normal sequence of credibility analysis, and that the ALJ provided legally sufficient reasons for finding that plaintiff was not wholly credible.  I agree.  A careful review of the ALJ's decision supports the conclusion that the ALJ did not discount plaintiff's credibility because her statements were inconsistent with the RFC he assigned, but for independent reasons.  The ALJ considered the evidence for the relevant time period, performed the required two-step credibility analysis described above, found that plaintiff and her husband were not wholly credible, and identified evidence in the record supporting his credibility findings.  The ALJ first noted that plaintiff had received only conservative treatment for her carpal tunnel syndrome before her date last insured.  Conservative treatment is a proper basis for discounting a claimant's testimony regarding the severity of an impairment.  Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007).  Likewise, though a lack of medical evidence, without

more, is not a sufficient basis for discounting pain testimony, it is a factor that an ALJ may consider in analyzing a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ noted that, though wrist braces were prescribed for a short time in 2002, there was no further evidence of treatment before plaintiff's date last insured.

Inconsistencies between a claimant's statements and the medical record also provide support for the conclusion that the claimant is not wholly credible. See SSR 97-6 and *5. Here, the ALJ noted that, though plaintiff reported that her symptoms had worsened since her date last insured, nerve conduction studies carried out in April, 2008 "were consistent with only mild carpal tunnel syndrome," and "even recent records" indicated that plaintiff's symptoms did not prevent her from engaging in "excessive Internet use."

The ALJ noted that, after plaintiff stopped working following her husband's accident in 1999, she cared for her husband and was able to attend school and earn a legal assistant degree and certificate. He also noted that, though plaintiff testified to debilitating menopausal symptoms following surgery in June, 2000, her treating physician, whom she saw regularly, made no mention of these symptoms.

The ALJ provided clear and convincing reasons, which were supported by the record, for concluding that plaintiff's testimony concerning the severity of her symptoms and impairment was not wholly credible.


b. **Testimony of Mr. Killian, Plaintiff's Husband**

An ALJ must provide reasons that are "germane" for discounting the testimony of a lay witness. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

Plaintiff correctly notes that the ALJ did not provide additional reasons for discounting the credibility of plaintiff's husband, other than the reasons he gave for finding that plaintiff herself was not wholly credible. The ALJ simply stated that the statements of plaintiff and her husband "concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons set out below."

The ALJ's analysis of Mr. Killian's testimony is not a model of clarity, and it would have been preferable if he had addressed that testimony separately.  However, under the particular circumstances of the present action, I conclude that the ALJ at least minimally satisfied the requirement that he provide a germane reason for his conclusion.  Here, as in Valentine v. Commissioner, 574 F.3d 685, 694 (9th Cir. 2009), a spouse's testimony concerning the claimant's "subjective complaints" were similar to the claimant's own testimony.  Here, as in Valentine, "[u]nsurprisingly, the ALJ rejected this testimony, at least in part," for the same reasons that he rejected plaintiff's own testimony.  In Valentine, the court concluded that, because the ALJ had provided clear and convincing reasons for rejecting the plaintiff's own "subjective complaints," and the lay witness's testimony concerning such complaints was similar, the ALJ's reasons for rejecting the lay witness's testimony were "germane."  The same reasoning applies here.

c. **Witness Statement of Nicole Wagner**

Nicole Wagner, plaintiff's friend, completed a third-party function report dated April 19, 2006.  Ms. Wagner indicated that she had known plaintiff for four or five years. She reported that plaintiff performed household tasks and helped her disabled husband, but experienced "a lot of pain," tired easily, and rested frequently.  Ms. Wagner reported that plaintiff often could not complete chores, and had difficulty bending and staying in any position for more than a few minutes.  She also reported that plaintiff's health had deteriorated during the previous year.

The ALJ concluded that Ms. Wagner's statements were "generally credible reflections" of plaintiff's condition in 2006, but were "of little assistance in assessing the claimant's functioning at her date last insured."

Plaintiff contends that the ALJ erred in rejecting Ms. Wagner's report, and argues that the ALJ "could, and should have recontacted this witness for an updated report with instructions to focus on the relevant period. . . ."  I disagree.  The ALJ's conclusion that evidence from 2006 was not probative as to the relevant time period was reasonable and was supported by the record.  An ALJ is required to further develop the record only when the evidence is ambiguous or the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence.  See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  Here, the evidence concerning the period relevant to the ALJ's decision was neither ambiguous nor inadequate to allow for proper evaluation of the evidence.  The ALJ provided a legally sufficient basis for concluding that Ms. Wagner's statements were "of little assistance" in evaluating plaintiff's condition during the relevant period, and the ALJ was not required to seek further information from her in order to create a record that would permit a proper analysis of plaintiff's claim.

## Conclusion

The Commissioner's decision is AFFIRMED.

DATED this 23rd day of  December, 2010.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge